UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:18-cv-1370 |
| v. | ) |
| | ) Tract No. MO-SC 327.000 |
| 0.52 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATED IN ST. CHARLES COUNTY, | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| and | ) |
| | ) |
| 0.47 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATED IN ST. CHARLES COUNTY, | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| and | ) |
| | ) |
| 0.44 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATED IN ST. CHARLES COUNTY, | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| and | ) |
| | ) |
| ALOYSIUS A. MACHENS as | ) |
| TRUSTEE OF THE ALOYSIUS A. | ) |
| MACHENS TRUST DATED | ) |
| DECEMBER 1, 1987, | ) |
| | ) |
| Serve: | ) |
| c/o David Machens | ) |
| 24 Delacroix Pl. | ) |
| St. Charles, MO 63303 | ) |
| | ) |
| and | ) |
| | ) |
| ALOYSIUS A. MACHENS TRUST | ) |
| DATED DECEMBER 1, 1987, | ) |
| | ) |
| Serve: | ) |
| Aloysius Machens, Trustee | ) |

|  |  |
|---|---|
| and | ) |
|  | ) |
| TRANSCANADA KEYSTONE | ) |
| PIPELINE, LP, | ) |
|  | ) |
| <u>Serve</u>: | ) |
| CSC-Lawyers Incorporating Service | ) |
| Company | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
|  | ) |
| and | ) |
|  | ) |
| WILLIAMS COMMUNICATIONS, INC., | ) |
|  | ) |
| <u>Serve</u>: | ) |
| c/o Nextiraone LLC | ) |
| The Corporation Company | ) |
| 7733 Forsyth Blvd. | ) |
| Clayton, MO 63105 | ) |
|  | ) |
| and | ) |
|  | ) |
| COLLECTOR OF REVENUE | ) |
| OF ST. CHARLES COUNTY, | ) |
|  | ) |
| <u>Serve</u>: | ) |
| Attn: Michelle D. McBride | ) |
| 201 N. Second St. | ) |
| Suite 134 | ) |
| St. Charles, MO 63301 | ) |
|  | ) |
| and | ) |
|  | ) |
| CITY OF PORTAGE DES SIOUX, | ) |
|  | ) |
| <u>Serve</u>: | ) |
| Angie J. Young, Treasurer/Collector | ) |
| c/o Stephen A. Martin, Attorney | ) |
| The Law Office of Stephen A. Martin | ) |
| 330 Jefferson Street | ) |
| St. Charles, MO 63301 | ) |
|  | ) |
| and | ) |
|  | ) |

| | |
|---|---|
| OTHER UNKNOWN INDIVIDUALS OR OTHER LEGAL ENTITIES WHO MAY CLAIM AN INTEREST,<br><br>Serve:<br>By Publication<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT IN EMINENT DOMAIN

COMES NOW Plaintiff, Spire STL Pipeline LLC ("Spire"), and states the following as its Complaint in Eminent Domain:

1. This action is instituted under the authority and pursuant to the provisions of the Natural Gas Act, 15 U.S.C. § 717f(h), Federal Rule of Civil Procedure 71.1, and E.D. Mo. L.R. 9.04.

2. Plaintiff Spire is a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

3. Spire is a "natural gas company" under the Natural Gas Act, 15 U.S.C. § 717a(6) and is organized for the purpose, among others, of engaging in the business of the "transportation of natural gas in interstate commerce" and the "sale in interstate commerce of such gas for resale." 15 U.S.C. § 717a(6).

4. Based upon Spire's diligence and investigation, Defendants have or may have an interest in 0.52 acres of land, more or less, 0.47 acres of land, more or less, and 0.44 acres of land, more or less, that are needed for the construction and operation of a 65-mile steel natural gas pipeline that will connect with the existing Rockies Express Pipeline in Scott County, Illinois, through St. Charles County, Missouri and St. Louis County, Missouri, before terminating at the Enable Mississippi River Transmission Line ("Project").

5.	This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 by virtue of the Natural Gas Act, 15 U.S.C. § 717f(h).

6.	Pursuant to 15 U.S.C. § 717f(h), the fair market value of the property interests condemned herein exceeds Three Thousand Dollars ($3,000).

7.	Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 as Defendants' property to be condemned is located in St. Charles County, Missouri.

8.	Under the provisions of Section 7(c) of the Natural Gas Act and 15 U.S.C. § 717f, 18 C.F.R. § 157, the Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity for Interstate Natural Gas Pipelines dated August 3, 2018 to Spire authorizing construction of the Project (the "FERC Certificate"). A certified copy of the FERC Certificate is attached hereto as **Exhibit 1**.

9.	Spire accepted the FERC Certificate and the Order Issuing Certificates on August 8, 2018. A copy of the acceptance letter filed on August 8, 2018 is attached hereto as **Exhibit 2**.

10.	Pursuant to the FERC Certificate, Spire is vested with the power of eminent domain for the Project in that, if it "cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipeline or pipelines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located." 15 U.S.C. § 717f(h). As such, Spire is authorized to exercise the power of eminent domain for public purposes and to condemn the private properties hereinafter described on the

condition that the Project be available for service within two years, Spire complies with all FERC regulations, and Spire comply with the environmental conditions listed in the appendix to the Order granting the FERC Certificate.

11. FERC has found, determined, and declared, in compliance with the law, the necessity, in constructing the Project, for the acquisition of easements in certain real property hereinafter described for the purpose of construction and operation of a new natural gas transmission line to provide natural gas to customers in Missouri and Illinois, through a tract of land, being part of the St. Charles County, Missouri Courthouse Deed Book <u>1191</u> at Page 410, the deeded land and also the herein described easement being part of US Survey No. 1810, out of Township Forty-eight (48) North, Range Six (6) East of the 5th Principal Meridian in St. Charles County, Missouri ("the Area"). Spire has been issued a FERC Certificate dated August 3, 2018 for this purpose.

12. As set forth in the FERC Certificate, the construction of the Project is for public and necessary purposes.

13. In order to construct, operate, and maintain the Project in a manner conducive to the public interest, convenience and safety, Spire must acquire easements on, over, and across the Area.

14. In furtherance of the authority granted by FERC and in order to construct, operate, and maintain the Project, it is necessary for Spire to appropriate and acquire by the exercise of eminent domain certain easements hereinafter described. Said land is located within the corporate boundaries of St. Charles County, Missouri.

15. The land sought through this Complaint comprises three contiguous and non-contiguous parcels ("Aloysius Machens Property"), all as shown on the Plat Maps attached hereto as **Exhibit 3**, and further described as follows:

    A.    **Aloysius Machens Property Tract No. MO-SC-327.000**

**Permanent Easement**

Part of the Aloysius A. Machens, Trust tract of land according to Quit Claim deed recorded in the St. Charles County, Missouri Courthouse in Book 1191 at Page 410 the deeded land being a part of U. S. Survey 92, U. S. Survey 174 being in the Common Field of Portage des Sioux and U. S. Survey 1810; all bounded on the North by Highway No. 94, on the East by Survey 17 and the lands of Now or Former Saale Farms, Inc.; and the herein described easement being a part of U. S. Survey No. 1810 only; all in Township Forty-eight (48) North, Range Six (6) East of the 5th Principal Meridian and further described as follows;

Commencing at the North (N) corner of said Survey No. 1810 (a 4"x6" limestone monument found), thence southwesterly along the west line of said Survey No. 1810 two thousand four hundred sixteen and one tenth (2,416.1') feet to the Point of Beginning (**POB**), said POB being the installed centerline of a twenty-four (24") inch natural gas pipeline on the subject property;
thence westerly with said pipeline two hundred thirty-nine and nine tenths (239.9') feet, thence deflecting to the right with the pipeline an angle of 21° 06' 09", sixty (60.0') feet, thence deflecting to the right with the pipeline an angle of 21° 06' 09", sixty (60.0') feet, thence deflecting to the right with the pipeline an angle of 34° 23' 50", one hundred five and eight tenths (105.8') feet, to the Point of Termination (**POT**) on the subject property at the centerline of State Highway Number 94.

The area of **Proposed Permanent Easement** is limited to, fifteen (**15.0'**) feet South of and parallel with said pipeline and thirty-five (**35.0'**) feet North of and parallel with said pipeline (fifty feet total) for the length of the property and equal to an area of fifty-two hundredths (**0.52**) Acres, more or less.

A true and accurate depiction of the Permanent Easement to be taken is included in and incorporated by reference in **Exhibit 3.**

**Temporary Workspace/Construction Easement**

The area of **Temporary Workspace** (**TWS**) is limited to fifteen (**15.0'**) feet southwest and fifty-five (**55.0'**) feet southwest of and parallel to

- 6 -

the pipeline, forty (**40.0'**) feet wide and runs with the pipeline for the length of the property, including deflections if any, and equal to an area of forty-seven hundredths (**0.47**) Acres, more or less.

This Temporary Workspace/Construction Easement will become null and void upon completion of the above described construction, no later than August 2, 2020.

A true and accurate depiction of the Temporary Workspace/Construction Easement to be taken is included in and incorporated by reference in **Exhibit 3.**

**Additional Temporary Workspace Construction (ATWS) Easement**

Three areas of **Additional Temporary Workspace** (**ATWS**) twenty-five (**25.0'**) feet wide are:
 **First part**, limited to fifty-five (**55.0'**) feet southwest and eighty (**80.0'**) feet southwest of and parallel to the pipeline and running with the pipeline for the length of the property, including deflections if any, except that part lying within the right-of-way of said Highway No. 94;
 **Second part**, limited to eighty (**80.0'**) feet west and one hundred five (**105.0'**) feet west of and parallel to the pipeline and running with the pipeline, including deflections if any, bound to the south right-of-way of said highway and the south limit is a line perpendicular to said pipeline projected from a point measured one hundred (**100.0'**) feet southerly along the west line hereof from said right-of-way;
 and **Third part**, limited to thirty-five (**35.0'**) feet northeast of and sixty (**60.0'**) feet northeast of and parallel to the pipeline and running with the pipeline, including deflections if any, bound to the south right-of-way of said highway and the east limits is a line perpendicular to said pipeline projected from a point measured, including deflections, one hundred fifteen and nine tenths (**115.9'**) feet southeasterly along the east boundary hereof from said right-of-way;
Said first, second, and third parts containing an aggregate area of forty-four hundredths (**0.44**) Acres, more or less.

This ATWS Easement will become null and void upon completion of the above described construction, no later than August 2, 2020.

A true and accurate depiction of the Area of Additional Temporary Workspace/Construction Easement to be taken is included in and incorporated by reference in **Exhibit 3.**

16. On information and belief, the following persons may have or claim an interest in the Aloysius Machens Property described in Paragraph 15 above:

    A. Aloysius A. Machens, not individually, but as Trustee of the Aloysius A. Machens Trust established pursuant to an Indenture of Trust dated 1 day of December, 1987 (the "Record Owner");

    B. TransCanada Keystone Pipeline LP, by way of an easement and right-of-way recorded in Deed Book DE5291 at Page 1547;

    C. Williams Communications, Inc., by way of an easement and right-of-way recorded in Deed Book 2363 at Page 811;

    D. Rights of parties in possession or with an equitable interest under any recorded interest, including (without limitation) easements, leases, or right-of-ways; and

    E. Rights of parties in possession or with an equitable interest under any unrecorded instrument, including (without limitation) leases, month-to-month tenancies, contracts for deed, or installment sale contracts.

17. Other unknown persons or entities may hold or claim an interest or interests in the Aloysius Machens Property, so that Spire has requested in connection with this lawsuit the publication of summons with respect to such unknown persons or entities.

18. On or about February 9, 2017, Spire sent and delivered to the Record Owner of the Aloysius Machens Property a landowner information letter which set forth all required notices and information. Said letter was delivered to the Record Owner via first class mail more than sixty (60) days before this Complaint was filed.

19. In addition, on or about August 30, 2017, Spire made and transmitted to the Record Owner a bona fide offer to purchase the Aloysius Machens Property. Said good faith offer was delivered to the Record Owner more than thirty (30) days before this Complaint was filed.

20. On or about November 28, 2017, Spire followed-up with the Record Owner and made and transmitted to him a second bona fide offer to purchase the Aloysius Machens Property. Said good faith offer again was delivered to the Record Owner more than thirty (30) days before this Complaint was filed.

21. On or about August 7, 2018, Spire made and transmitted to the Record Owner another offer reaffirming the November 28 offer. Said good faith offer remained open until August 15, 2018.

22. Despite good faith negotiations, Spire has been unable to reach an agreement with the Record Owner upon the amount of just compensation to be paid to him to purchase the parcels comprising the Aloysius Machens Property.

23. Spire has filed the notices required by FRCP 71.1(d) contemporaneously with this Complaint.

24. All requirements and conditions under applicable law to the exercise of the power of eminent domain by Spire have been fulfilled or satisfied.

WHEREFORE, Plaintiff Spire STL Pipeline LLC respectfully prays that the Court order and adjudge as follows:

    A. that the notices filed herewith pursuant to FRCP 71.1(d) be deemed good and sufficient;

    B. that said notices be served on Defendants in a manner afforded by FRCP 71.1(d)(3);

    C. that the right to condemn the easements herein described be recognized and granted;

D. upon deposit into the registry of the Court by Spire of the amount of just compensation determined by the Court, ownership and title of the easements shall be vested in Spire STL Pipeline LLC, free and clear of all right, title and interest of the Defendants; and

E. enter and award such further decrees and relief as may be just and proper in this case.

Respectfully submitted,

THOMPSON COBURN LLP

By */s/ Pamela J. Meanes*
   Pamela J. Meanes, #47241
   Paul T. Sonderegger, #53095
   Elise N. Puma, #68336
   One U.S. Bank Plaza
   St. Louis, Missouri  63101
   314-552-6000
   FAX 314-552-7000
   pmeanes@thompsoncoburn.com
   psonderegger@thompsoncoburn.com
   epuma@thompsoncoburn.com

*Attorneys for Plaintiff Spire STL Pipeline LLC*